IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DR. RAUL CHIRIFE,<br><br>    Plaintiff,<br><br>v.<br><br>ST. JUDE MEDICAL, INC.; PACESETTER, INC. d/b/a/ ST. JUDE MEDICAL CARDIAC RHYTHM MANAGEMENT DIVISION; and ST. JUDE MEDICAL S.C., INC.<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 6:08cv480<br>§<br>§   JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT

Plaintiff Dr. Raul Chirife ("Dr. Chirife") and Defendants St. Jude Medical, Inc., Pacesetter, Inc. d/b/a St. Jude Medical Cardiac Rhythm Management Division, and St. Jude Medical S.C., Inc. (collectively, "St. Jude" or "Defendants") hereby provide the parties' joint claim construction and pre-hearing statement under Patent Local Rule 4-3.

Section I lists the claim terms for which all the parties have agreed on a joint construction, and Exhibit A contains the parties' proposed constructions for the disputed terms. Section II contains Dr. Chirife's identification of supporting intrinsic and extrinsic evidence. Section III contains Defendants' identification of supporting intrinsic and extrinsic evidence. Section IV addresses the expert testimony that Dr. Chirife may rely on in support of its proposed claim constructions. Section V addresses the expert testimony that St. Jude may rely on in support of their proposed claim constructions. Section VI addresses the parties' agreed procedure for the use of expert testimony in claim construction briefing and proceedings. Section VII contains the parties' proposed length of time for the claim construction hearing.

Section VIII contains the parties' joint position regarding a pre-hearing conference. The patent at issue in this matter is U.S. Patent No. 5,179,949 ("the '949 patent").

## I. Construction Of Claim Terms

The following are the claim terms upon which the parties have agreed to a construction:

| Claim Term | Claim No(s). | Agreed Upon Construction |
|---|---|---|
| "cardiac pacemaker" | 1-9 | A programmable implantable stimulator device and leads extending from such device to the heart |
| "improved timing means" | 1-9 | improved AV timing means (the parties stipulate that this claim term is not governed by § 112 ¶ 6) |
| "whether the artrium and/or ventricles are being paced or sensed" | 1-9 | whether the atrium is being paced or sensed, whether the ventricle is being paced or sensed, or both are being paced or sensed |
| "sense a control signal" | 2 | sends a control signal |

The Parties' Proposed Constructions of Disputed Claim Terms and Identification of Evidence is attached as Exhibit A.

## II. Dr. Chirife's Identification Of Evidence

Dr. Chirife's proposed constructions for the disputed claim terms in Exhibit A identify intrinsic and extrinsic evidence upon which he may rely in support of their proposed constructions or to oppose Defendants' proposed claim constructions. In addition, for each disputed claim term, Dr. Chirife may rely upon the following:

- The claim language;
- The specification;
- The file history and cited prior art;
- Testimony of any party's witnesses and experts (as discussed below), and/or extrinsic evidence;
- Discovery from the present lawsuit; and

- All extrinsic evidence identified by Dr. Chirife in his Proposed Claim Constructions and Identification of Extrinsic Evidence served on Defendants on February 5, 2010 pursuant to Local Patent Rule 4-2.

In addition, for each disputed claim term, Dr. Chirife may also rely upon any intrinsic or extrinsic evidence identified by the Defendants, as well as any evidence obtained through claim construction discovery. In addition, Dr. Chirife reserves the right to amend, correct, or supplement his claim construction positions and supporting evidence in response to any change of position by the Defendants, or for other good cause. Finally, Dr. Chirife may rely upon documents setting forth positions taken by the Defendants on the scope of the asserted claims and/or claim construction for the identified terms and any documents referenced therein.

## III. Defendants' Identification Of Evidence

Defendants may rely upon the following as evidence for construction of the claim terms listed on Exhibit A:

- The claim language;
- The specification;
- The file history and cited prior art;
- Testimony of any party's witnesses and experts (as discussed below), and/or extrinsic evidence;
- Discovery from the present lawsuit; and
- All extrinsic evidence identified by Defendants in their Proposed Claim Constructions and Identification of Extrinsic Evidence served on Plaintiff on February 5, 2010 pursuant to Local Patent Rule 4-2.

In addition, for each disputed claim term, Defendants may also rely upon any intrinsic or extrinsic evidence identified by Plaintiff, as well as any evidence obtained through claim construction discovery. In addition, Defendants reserve the right to amend, correct, or supplement their claim construction positions and supporting evidence in response to any change of position by the Plaintiff, or for other good cause. Finally, Defendants may rely upon

documents setting forth positions taken by the Plaintiff on the scope of the asserted claims and/or claim construction for the identified terms and any documents referenced therein

## IV. Summary Of Each Opinion To Be Offered By Dr. Chirife's Witness In Support Of His Proposed Claim Construction

Dr. Chirife intends to offer the expert testimony of Professor John G. Webster, Professor Emeritus at the University of Wisconsin-Madison, 1550 Engineering Drive, room 2148, Madison, Wisconsin, 53706. Professor Webster will explain relevant scientific and technical principles and background technologies, the use of disputed terms in the patent specifications and prosecution histories, and testify as to the meaning of technical terms and terms of art that appear in the patents and prosecution histories, from the viewpoint of one of ordinary skill in the relevant art. Dr. Chirife likewise intends to offer Professor Webster's testimony to rebut the testimony of Defendants' witnesses, if any.

## V. Summary Of Each Opinion To Be Offered By Defendants' Witnesses In Support Of Their Proposed Claim Construction

Defendants may offer expert testimony by Dr. Richard Luceri as to the following subject areas: the history and development of cardiac pacing technology, including the use of external programmers with implantable cardiac devices; the meaning of terminology commonly used in the cardiac pacing industry, including the term "automatic"; and a responsive analysis of any expert witness testimony submitted by Plaintiff.

## VI. AGREEMENT REGARDING USE OF EXPERT TESTIMONY

The parties have agreed to the following procedure for the use of witnesses for claim construction. A party may use the testimony of an expert witness in support of its claim construction brief, so long as the other side is provided with the reasonable opportunity to depose the witness after such testimony is presented in support of a brief and a reasonable amount of time prior to the deadline for filing its responsive brief. In order to facilitate such deposition(s), the parties will schedule such depositions by March 12, 2010 and jointly request that the deadline for conducting claim construction discovery be extended from March 25, 2010 through the day before the filing of Dr. Chirife's P.R. 4-5(c) Reply Brief. If a party does not submit any such

witness testimony, the party will not be able to present live testimony at the hearing.  Also, if the witness is not made available for a deposition, the party will not be able to present live testimony at the hearing.  Any party that has complied with the requirements set forth in the preceding paragraph must notify the other party by April 29, 2010 whether they will present live testimony from an expert witness at the claim construction hearing.

**VII.   Length Of Claim Construction Hearing**

The parties believe that three hours is sufficient for the Claim Construction Hearing.

**VIII.  Pre-hearing Conference**

A pre-hearing conference is not scheduled, and, at this time, the parties do not anticipate the need for a pre-hearing conference.

Dated: February 25, 2010                              Respectfully submitted,


                                        */s/ Christopher D. Banys*
                                        Christopher D. Banys

                                        THE LANIER LAW FIRM, P.C.
                                        Christopher D. Banys     SBN: 230038 (California)
                                        Daniel W. Bedell         SBN: 254912 (California)
                                        Hogene L. Choi           SBN: 256617 (California)
                                        Carmen M. Aviles         SBN: 251993 (California)
                                        2200 Geng Road
                                        Suite 200
                                        Palo Alto, CA  94303
                                        Tel:    (650) 322-9100
                                        Fax:    (650) 322-9103
                                        cdb@lanierlawfirm.com
                                        dwb@lanierlawfirm.com
                                        hlc@lanierlawfirm.com
                                        cma@lanierlawfirm.com

                                        THE LANIER LAW FIRM, P.C.
                                        W. Mark Lanier           SBN: 11934600
                                        Dara G. Hegar            SBN: 24007280
                                        Phillip N. Sanov         SBN: 17635950
                                        6810 FM 1960 West
                                        Houston, Texas 77069

JOINT CLAIM CONSTRUCTION AND                                           Page 5 of 5
PREHEARING STATEMENT                                              CASE NO. 6:08-CV-480

    Tel:   (713) 659-5200
    Fax:  (713) 659-2204
    wml@lanierlawfirm.com
    dgh@lanierlawfirm.com
    pns@lanierlawfirm.com

    WARD & SMITH LAW FIRM
    Wesley Hill         SBN: 24032294
    111 W. Tyler Street
    Longview, TX  75601
    Tel:   (903) 757-6400
    Fax:  (903) 757-2223
    wh@jwfirm.com

    ATTORNEYS FOR PLAINTIFF
    DR. RAUL CHIRIFE


Dated February 25, 2010         Respectfully submitted,


    */s/ Frederick S. Chung*
    Frederick S. Chung

    GIBSON, DUNN & CRUTCHER LLP
    Denis R. Salmon    SBN: 72500   (California)
    *(Admitted Pro Hac Vice)*
    Frederick S. Chung    SBN: 183337 (California)
    1881 Page Mill Road
    Palo Alto, California 94304
    Tel:   (650) 849-5300
    Fax:  (650) 849-5333
    DSalmon@gibsondunn.com
    FChung@gibsondunn.com

    GIBSON, DUNN & CRUTCHER LLP
    Mark N. Reiter     SBN: 16759900
    2100 McKinney Avenue, Suite 1100
    Dallas, Texas 75201
    Tel:   (214) 698-3100
    Fax:  (214) 571-2900
    MReiter@gibsondunn.com

    GIBSON, DUNN & CRUTCHER LLP
    Marjorie Ehrich Lewis   SBN: 89484  (California)
    *(Admitted Pro Hac Vice)*

333 South Grand Avenue
Los Angeles, California 90071-3197
Tel: (213) 229-7000
Fax: (213) 229-7520
MLewis@gibsondunn.com

SIEBMAN, BURG, PHILLIPS & SMITH
Michael C. Smith      SBN: 18650410
713 S. Washington Ave.
Marshall, Texas 75670
Tel: (903) 938-8900
Fax: (972) 767-4620
michaelsmith@siebman.com

ATTORNEYS FOR DEFENDANTS ST. JUDE
MEDICAL, INC., PACESETTER, INC., AND ST.
JUDE MEDICAL S.C., INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 25th day of February, 2010.

                                                */s/ Hogene L. Choi*
                                                Hogene L. Choi